# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| WORLD OUTREACH CONFERENCE CENTER, an Illinois Not-For-Profit Corporation, and PAMELA BLOSSOM, President of WORLD OUTREACH CONFERENCE CENTER, | ) ) ) ) ) ) | |
| | | Judge Joan Humphrey Lefkow |
| Plaintiffs, | ) ) | No. 06 C 2891 |
| v. | ) ) | |
| CITY OF CHICAGO, | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION UNDER RULE 58(E)
## FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Plaintiffs, by their attorneys Mauck & Baker, LLC, request that the Court extend the time to appeal under Rule 58(e) and stay any proceedings to enforce the Court's opinion and order of judgment as amended and entered on June 10, 2013 (Doc. # 256) until 30 days after the Court decides the Plaintiffs' outstanding damage claim and anticipated Motion for Attorneys' Fees to be filed in accordance with Local Rule 54.3 within 91 days thereof, and hereby state as follows:

1.      On June 10, 2013, the Court entered its Amended Memorandum Opinion and Order (Dkt. No. 256) ruling upon the parties' cross-motions for summary judgment and ordered the parties to confer to determine whether the issue of damages can be resolved without a trial (Dkt. No. 255).

2.      This Court's ruling on summary judgment that the City, with its frivolous lawsuit, had imposed a substantial burden upon World Outreach under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as pled in the Amended Complaint and that "plaintiffs

1

are entitled to recover their fees and expenses for responding to the meritless suit," presumably as the measure of damages, is more than sufficient to establish the plaintiffs as prevailing parties in this action for purposes of an award of attorneys fees under 42 U.S.C. § 1988. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties."); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("Plaintiffs may be considered prevailing parties for attorney's fee purposes if they succeed in any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.")

3.      However, the Court also ruled that the City did not impose a substantial burden upon World Outreach in any respect other than with the frivolous lawsuit, granting summary judgment to the City on the remaining RLUIPA claims, and also on all of World Outreach's other claims, (Dkt. No. #256); indicating further in its order denying World Outreach's Rule 59(e) motion to alter and amend the judgment that "[o]bjections to the court's reasoning are best addressed to the court of appeals." (Dkt. No. 255).

4.      Because the plaintiffs intend to file a motion for attorneys' fees under Local Rule 54.3 within 91 days from the entry of the Court's summary judgment in their favor but must file a notice of appeal with respect to the Court's summary judgment in the City's favor within 30 days of the Opinion and Order of June 10, 2013, Plaintiffs request that this Court exercise its discretion pursuant to Rule 58(e) to enter an order extending Plaintiff's time for taking an appeal until 30 days from the date that this Court resolves the pending claim to damages and Plaintiffs' anticipated Motion for Attorneys' Fees.

5.      Rule 58(e) of the Federal Rules of Civil Procedure provides:

> Cost or Fee Awards.  Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs and award fees.  But if a timely

motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

6.  Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

(4)  Effect of a Motion on a Notice of Appeal.

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the [30-day] time to file an appeal runs for all parties from the entry of the order disposing of the last such pending motion:

(iii)  for attorney's fees under Rule 54 if the district court extends the time under Rule 58.

7.  Further, the 1993 Advisory Committee Notes to Fed. R. Civ. P. 58 explain that: "[I]n many cases it may be more efficient to decide the fee question before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case."

8.  Pursuant to the aforementioned authorities, Plaintiffs contend that it would be in the interest of judicial economy and efficiency to allow the opportunity for a simultaneous appeal should both the underlying judgment and fee award be appealed by either or both parties.

9.  Plaintiffs further contend that such a request would not cause either party any significant hardship or prejudice as it will avoid the piecemeal adjudication of this case and thus conserve the parties' and courts' resources.

WHEREFORE, Plaintiffs and Mauck & Baker, LLC respectfully request the Court:

A.  Enter an order extending the time to appeal, and stay any proceedings to enforce, the Court's opinion and order of judgment as amended and entered on June 10, 2013 (Doc. # 256) until 30 days after the resolution of the Plaintiffs' outstanding damage claim and

the Court's ruling on Plaintiffs' anticipated Motion for Attorneys' Fees to be filed in accordance

with Local Rule 54.3 within 91 days of June 10, 2013 (September 9, 2013); and

      B. Grant other just relief.

      Respectfully submitted,

      /s/ Andy Norman
      One of plaintiffs' attorneys

John Mauck
Andy Norman
MAUCK & BAKER, LLC
1 N. LaSalle, Suite 600
Chicago IL 60602
T:  (312) 726-1243
F:  (866) 619-8661

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing was accomplished pursuant to ECF as to Filing Users and shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User, this 17th day of June, 2013.

      /s/ Andy R. Norman
      Attorney for Plaintiffs